FLOYD *et al. v.* CANDLER *et al.*[*]

(Division B. Oct. 31, 1927.)

[114 So. 344. No. 26624.]

1. APPEAL AND ERROR. *Jury's finding that sum returned to lender by borrowers signing note was paid as compensation for procuring loan not as interest would not be disturbed (Hemingway's Code 1927, section 2223).*

In suit on note in which makers claimed that principal and interest were forfeited under Code 1906, section 2678 (Hemingway's Code 1927, section 2223), because interest rate charged and collected was more than twenty per cent., jury's finding of fact that one hundred dollars returned to payees by maker's, after sixteen hundred dollar note had been executed and sixteen hundred dollars turned over to makers, was paid as compensation for procuring loan and not as interest on note, would not be disturbed by supreme court; issue having been properly submitted to jury.

2. ALTERATION OF INSTRUMENTS. *Memorandum on back of note, reducing rate of interest, held not "material alteration" within meaning of Negotiable Instruments Law.*

Memorandum on back of note, reducing rate of interest from eight per cent. to six per cent., was not "material alteration" of note within meaning of Negotiable Instruments Law (Hemingway's Code 1927, sections 2739-2950), since it was merely an independent collateral agreement on part of payees voluntarily made, and was no part of note in sense that it materially altered original contract between parties, and note was valid.

---

*Corpus Juris-Cyc. References: Alteration of Instruments, 2CJ, p. 1210; n. 20; p. 1213, n. 44; Appeal and Error, 4CJ, p. 851, n. 53; As to whether change in rate of interest is material alteration which will avoid note, see annotation in 35 L. R. A. 466; 1 R. C. L. 977; 1 R. C. L. Supp. 299; 6 R. C. L. Supp. 51.

APPEAL from circuit court of Tishomingo county.

HON. T. E. PEGRAM, Judge.

Suit on note by E. S. Candler and another against John Floyd and another. From the judgment, defendants appeal. Affirmed.

*J. A. Cunningham* and *Ernest Ligon,* for appellants.

I. Appellant's plea in bar to this action on account of the alteration entitled appellants to a peremptory instruction in this cause. See sections 2878-79, Hemingway's Code of 1927.

II. We submit that section 2223, Hemingway's Code of 1927, applied to the facts of this case, shows the charging and receiving more than twenty per cent in-

terest on this loan by one of the appellees, M. A. Candler, and shows the receiving of more than twenty per cent interest by the appellee, Zeke Candler. *Hiller et al.* v. *Ellis,* 18 So. 95; 27 R. C. L., page 211, section 12.

*W. C. Sweat,* for appellees.

The following was written on the back of the note: "The interest on this note reduced to six per cent on January 21, 1925. E. S. Candler and M. A. Candler."

. I. The appellant contended that this constituted a material alteration of the note, as defined in sections 2878-79, Hemingway's Code of 1927. On this issue, the court gave a peremptory instruction, and rightly so.

It is shown by the appellants in their testimony that they did not object to the reduction of the interest, and were making no objection to it on the trial; and this constituted a waiver on their part of any objection that they might legally have made to this reduction of interest.

This stipulation which was written on the back of the note, could in no sense be said to be an alteration of the instrument. The writing on the back of the instrument is in no sense a part of the instrument, as executed. See Joyce, Defenses of Commercial Paper, section 298; *Cambridge Sav. Bank* v. *Hyde,* 131 Mass. 77, 41 Am. St. 193; *Reed* v. *Culp,* 63 Kans. 595, 16 Pac. 16; *Keene* v. *Weeks,* 19 R. I. 309, 33 Atl. 446; *Shaw* v. *Tobasco,* 139 Ga. 481, 77 S. E. 577.

The reduction of the rate of interest in the case at bar from eight to six per cent by writing the same on the back of the note was certainly of benefit and advantage to the defendants. It did not in any sense increase their liability, nor injure them in any particular whatever; and instead of being injurious to them, was beneficial; and there is no reason why the reduction of the interest, by placing a stipulation to that effect

on the back of the note, should prevent a recovery thereon, and such was never contemplated by the passage of the negotiable instruments act.  See *Cambridge Sav. Bank* v. *Hyde, supra.*

The defendants also contend that if the memorandum is to be treated as an independent collateral agreement, yet it makes such a change in the terms of the contract as to discharge the sureties who did not consent to it. It is clear that if a creditor makes any agreement with the principal debtor, or does any other act which is prejudicial to the rights of the surety, the surety is discharged from his liability.  Thus, if the creditor by a valid agreement founded upon a sufficient consideration, extends the time of payment of the debt, the surety is discharged.  The reason is that such an agreement materially affects the rights of the surety, since it prevents him from paying the debt and having an immediate remedy against the principal debtor.  But if the change in the original contract from its nature is beneficial to the surety, or if it is self-evident that it cannot prejudice him, the surety is not discharged.

It will be seen from the authorities, in the first place, that this stipulation on the back of the note is not a material alteration of the instrument, but was simply a distinct understanding.  In the second place, inasmuch as it was made distinctly for the benefit of the makers of the note, it will not be held to avoid the instrument.

II.  The one hundred dollars paid by John Floyd to M. A. Candler was paid him for his services in procuring the other eight hundred dollars of this money, and was in no sense of the word paid him as interest.  Section 2223, Hemingway's Code of 1927, must be strictly construed.  *Byrd et al.* v. *Newcomb Mill & Lbr. Co.,* 118 Miss. 179, 79 So. 100; *Morgan* v. *King,* 128 Miss. 401, 90 So. 30.

Since the defense of this suit is that the principal and interest are forfeited on account of usury, the burden

is upon the defendants to establish that fact by clear and convincing evidence.

In making the contract with Floyd to receive one hundred dollars for procuring this money, M. A. Candler was the agent of Floyd; and under the facts in this case was certainly in no sense the agent of his brother, E. S. Candler. 27 R. C. L., page 236; 39 Cyc, 973-74; *R. J. Pass et al. v. Northeastern Mortgage Security Co.,* 66 Miss. 365; *New Eng. Mortgage Security Co. v. Townes,* 1 So. 242.

HOLDEN, P. J., delivered the opinion of the court.

This suit is one to recover on a note for one thousand six hundred dollars dated October 21, 1924, due ninety days after date, with interest at eight per cent. per annum, payable to appellees, E. S. and M. A. Candler, and signed by appellants, John Floyd and G. R. Whittaker. When the note became due, the makers failed to pay it, and this suit followed.

At the trial, the signers of the note, the appellants, contested its collection on two grounds: First, that the note had been materially altered by the payees after its delivery, in that the payees had written a memorandum on the back of the note, reading, "Interest on this note reduced to six per cent on January 21, 1925, E. S. and M. A. Candler;" and, second, that the principal and interest in the note were forfeited by the payees, because the interest rate charged and collected by the payees from the makers was more than twenty per cent. as prohibited by law (section 2678, Code of 1906 [section 2223, Hemingway's 1927 Code]), which provides, in substance, that, where interest is contracted for, or received, in an amount greater than twenty per cent. per annum, the principal and all interest shall be forfeited.

The facts herein, very briefly stated, are that one of the appellants, John Floyd, applied to one of the appellees, M. A. Candler, to borrow, one thousand five hun-

dred dollars for a period of ninety days, to meet an important emergency, and proposed to Candler that he would give him one hundred dollars in addition to the eight per cent. interest for the loan. Afterwards, when the note for one thousand six hundred dollars above referred to, was executed by the appellants, and the one thousand six hundred dollars turned over to them, they returned one hundred dollars to Candler as they had offered to do to procure the loan. The testimony of appellees is to the effect that Floyd paid Candler one hundred dollars as an agreed compensation for Candler having procured the loan for Floyd. Candler had to raise part of the money from his brother, E. S. Candler, and the evidence is, even though there may be conflict therein, that M. A. Candler received the one hundred dollars as compensation for obtaining the loan, and not as interest on the loan.

This question of fact was submitted to the jury, as to whether the one hundred dollars was paid as interest on the note, or was paid as compensation for procuring the loan, and the jury decided that the one hundred dollars was not paid as interest on the note, but was paid as compensation for procuring the loan; and we think that issue was properly submitted to the jury, and their finding of fact will not be disturbed by us.

As to the other proposition, that the note was vitiated because materially altered by changing the rate of interest by memorandum on the back of it, we do not think this memorandum on the back of the note reducing the rate of interest from eight per cent. to six per cent. is a material alteration of the note within the meaning of the Negotiable Instruments Law (Hemingway's Code 1927, sections 2739-2950). The memorandum written on the back of the note subsequent to its execution and delivery was not a material alteration of the original contract, because it was merely an independent, collateral agreement on the part of the payees, voluntarily made, and was no part of the note in the sense that it

materially altered the original contract between the parties.

Therefore we hold that the note herein involved was not materially altered by the payees changing the interest in a memorandum on the back of it, and that the note is valid. 2 C. J., p. 1213, section 71, and section 44, p. 1198.

In view of these conclusions, we think the judgment of the lower court is correct, and must be affirmed.

*Affirmed.*